UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TERRELLE A TULLIS,

    Plaintiff,

v.                        Case No. 4:19cv221-MW-HTC

MARK S. INCH,
et al.,

    Defendants.
_____/

# ORDER
# REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff, Terrelle A. Tullis's amended civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 5. Tullis is a prisoner proceeding *pro se* and *in forma pauperis*. Previously, the Court informed Plaintiff of the deficiencies in his original complaint and, recognizing Plaintiff's *pro se* status, instructed Plaintiff to either voluntarily dismiss his case or file an amended complaint which fixed the deficiencies in the original complaint. ECF Doc. 4. The Plaintiff filed an amended complaint. The undersigned has screened the amended complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and respectfully recommends that Plaintiff's claims against Defendants Inch, Strong and Kirkland be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim on which relief may be granted. The undersigned further

orders that Plaintiff provide one (1) service copy of his amended complaint for service on Defendant Gay.

## I. Background

The Court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994).

Plaintiff is a prisoner currently housed at Hamilton Correctional Institution. He brings this action against Mark Inch, the Secretary of the Florida Department of Corrections, and three correctional officers, Sgt. Gay, Sgt. Kirkland and Capt. Strong, for alleged wrongful conduct arising out of an incident that occurred at Wakulla Correctional Institution ("Wakulla CI"). ECF Doc. 5 at 5. Plaintiff alleges that on January 10, 2018, Defendant Gay entered the dorm in "an outrageous manner" and got into a physical altercation with another inmate who was using the phone. *Id.* Gay then walked over to Plaintiff and shoved Plaintiff into his cell "so hard I went into the corner of my room which caused me to injure my right shoulder and right hand." *Id.* According to Plaintiff, Gay then became "even more disorderly" and attempted to physically attack Plaintiff with chemical agents "to justify his unlawful action toward me." *Id.* Plaintiff speculates that Defendant Gay

attacked him because Plaintiff had witnessed Gay's altercation with the other inmate. *Id.*

Defendant Kirkland and a few other officers defused the situation, and Plaintiff was placed into cuffs to await the arrival of Defendant Captain Strong. *Id.* The allegations about Defendant Captain Strong are the following: "I spoke with Capt. Strong and I inform[ed] him I need to see the nurse about my injuries. And I do wish to pursue charges against Capt. Strong as well." *Id.* Plaintiff then sets out the names and FDOC numbers of alleged witnesses to the altercation. *Id.* at 5-6.

In the statement of claims section, Plaintiff asserts that the "wanton and malice [sic] abuse of physical force" violated the Eighth Amendment and also mentions the "deliberate indeliberate indifference standards." *Id.* at 7. For relief, he requests "monetary damages and all the monetary arrangements paid for my continual treatment by professional doctors outside the Florida Department of Corrections." *Id.*

## II. Analysis

### A. Standard of Review under 28 U.S.C. § 1915A and 1915(e)

Because Plaintiff is a prisoner and is also proceeding *pro se*, the Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). Also, the Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove: (1) a violation of a constitutional right; and (2) that the alleged violation was committed by a person acting under the color of state law or a private individual who conspired with state actors. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283–84 (11th Cir. 2002).

**B.** **Claims against Secretary Mark S. Inch**

In the order requiring an amended complaint, the Court warned Plaintiff that "[d]espite naming Kirkland, Strong and [the Secretary of the Florida Department of Corrections] as defendants, there are no allegations of any wrongdoing as to these individuals sufficient to establish a cause of action against them for excessive force or deliberate indifference under the Eighth Amendment." ECF Doc. 4 at 2. Plaintiff was instructed that, in the amended complaint, he "should clearly describe how each named defendant is involved in each alleged violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times

of the alleged unconstitutional or illegal acts. If Plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint." ECF Doc. 4 at 5. Plaintiff's amended complaint does not do so.

For example, the amended complaint is completely devoid of any allegations relating to Defendant Inch. To the extent that Plaintiff seeks to hold Inch liable for the conduct of others, he cannot do so. "It is axiomatic, in section 1983 actions, that liability must be based on something more than a theory of *respondeat superior*." *H.C. by Hewett v. Jarrard,* 786 F.2d 1080, 1086 (11th Cir. 1986) (citing *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978)). Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988) (per curiam). Here, Plaintiff does not make any allegations relating to Secretary Inch at all, much less any alleging his personal participation in the alleged use of force or other causal connection. Thus, Plaintiff fails to state a claim against him. *See Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

### C. <u>Excessive Force Claim Against Kirkland</u>

Here, construing the amended complaint liberally, the Court concludes that Plaintiff is alleging that Kirkland violated the Eighth Amendment's proscription against the infliction of cruel and unusual punishment. ECF Doc. 5 at 7. Use of excessive force by prison officials falls under the Eighth Amendment's protection when it is applied maliciously and sadistically for the very purpose of causing harm. *Wilkens v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam); *Whitley v. Albers*, 475 U.S. 312, 318-19 (1986); *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003). That is, "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments clause ...." *Whitely*, 475 U.S. at 319.

The "core judicial inquiry" in considering an Eighth Amendment excessive force claim, therefore, is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see Wilkins* 559 U.S. at 38-39. "To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: 'the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.'" *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th

Cir. 2002) (quoting *Hudson*, 503 U.S. at 7-8, 112 S.Ct. at 999); *see also Whitley*, 475 U.S. at 321; *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321.

Plaintiff alleges only that Kirkland defused the situation. ECF Doc. 5 at 5. He does not allege that Kirkland "inflicted any harm" to him at all. *See Whitley*, 475 U.S. at 321. Indeed, Kirkland's conduct appears to have helped Plaintiff, not harmed him. While "detailed factual allegations" are not required, the Plaintiff must present "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Plaintiff's allegations against Kirkland fail to state a claim for violating Plaintiff's Eighth Amendment rights.

D. **Deliberate Indifference Claims Against Defendant Captain Strong**

The Plaintiff does not allege that Defendant Captain Strong was involved in the use of force incident itself; instead Plaintiff merely alleges that Plaintiff told Strong afterwards that Plaintiff needed to see the nurse. ECF Doc. 5 at 5. Reading the amended complaint liberally, the Court construes this to mean that Plaintiff is bringing a claim of deliberate indifference to serious medical needs against Defendant Captain Strong. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir.2009).

To establish the second element, deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that

a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

Here, Plaintiff, despite being warned in a prior order, failed to allege facts supporting any of these elements. First, as discussed above, Plaintiff did not allege facts rising above mere labels showing that Captain Strong was aware of a serious medical need. Second, he does not even allege that Defendant Strong failed to take him to the nurse. He simply alleges that he informed the captain of Plaintiff's need to go to the nurse. ECF Doc. 5 at 5. Indeed, Plaintiff does not even allege that he failed to receive treatment for any injuries he claims to have sustained from Gay's conduct. Therefore, despite being instructed to do so in a prior order, Plaintiff has not alleged facts to support any of the three elements of a deliberate indifference claim against Defendant Strong. *See Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

### III.   Conclusion

In sum, Plaintiff was warned that "[t]he allegations of the complaint must set forth enough facts "to raise a right to relief above the speculative level", ECF Doc. 4 at 3 (quoting *Twombly*, 550 U.S. at 555), but the allegations of his amended complaint against Defendants Inch, Kirkland and Strong do not meet this standard. The claim against Defendant Gay, however, is appropriate for service. Plaintiff is not responsible for the costs of service, as he is proceeding *in forma pauperis*.

Plaintiff is responsible, however, for providing the Court with one (1) service copy of his amended complaint (ECF Doc. 5).  Upon receipt of the service copy, the undersigned will direct the United States Marshals Service to serve the Defendants.

Accordingly, it is ORDERED:

1. Within **thirty (30) days** from the date of this order, Plaintiff shall submit to the Court one (1) service copy of his amended complaint (ECF Doc. 5). The service copy must be identical to the amended complaint filed with the Court. This case number should be written on the copy.

2. Failure to submit the service copy as instructed may result in a recommendation that this case be dismissed due to Plaintiff's failure to prosecute or failure to comply with an order of the Court.

It is also respectfully RECOMMENDED:

1. That this Plaintiff's claims against Defendants Kirkland, Inch and Strong be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for Plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to terminate Kirkland, Inch and Strong as defendants to this action.

At Pensacola, Florida, this 24th day of July, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.